**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| INSTITUT FRANCAIS DU PETROLE | CIVIL ACTION NO: 09-CIV-1379 (JSR) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| TEXACO DEVELOPMENT CORPORATION, TEXACO, INC., and CHEVRON CORPORATION | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-25-09

JED S. RAKOFF, U.S.D.J.

All the parties to this action having requested that the Court issue a protective order to protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed to adversary parties in connection with discovery in this case pursuant to Fed. R. Civ. P. 26(c), and to guard against the waiver of attorney-client privilege and work product protection pursuant to Fed. R. Evid. 502(d), the parties having agreed to the following terms, and the Court having found that good cause exists for issuance of an appropriately-tailored protective order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.     Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Attorneys Eyes Only" (collectively

1

"Confidential Discovery Material") pursuant to the terms of this Order shall not disclose such

Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.     The party producing any given Discovery Material may designate as Confidential

only such portion of such material as consists of:

(a)     previously nondisclosed financial information (including without

limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum

guarantee payments, sales reports and sale margins);

(b)     previously nondisclosed material relating to ownership or control of any

non-public company;

(c)     previously nondisclosed business plans, product development information,

trade secret or other confidential research, development, technical or commercial information, or

marketing plans;

(d)     any information of a personal or intimate nature regarding any individual;

(e)     previously nondisclosed material relating to agreements subject to

confidentiality provisions; or

(f)     any other category of information hereinafter given confidential status by

the Court.

3.     Confidential documents of Categories 2(a) and (c) including those that relate to

previously nondisclosed: (i) the technical details of the  H-Oil® or LC Fining Processes or

other hydrocracking technical information of the producing party including related know how,

catalyst technology, trade secrets and any non-public pending patent applications; (ii)

Proposals to, and related agreements with, actual and/or potential customers of the LC Fining,

H-Oil Process, or other hydrocracking technology; (iii)  non-public financial information

including, but not limited to, profitability reports or estimates, projected and actual revenue, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sales margins and pricing to customers; and (iv) confidential business and marketing plans may be marked "Attorneys Eyes Only". The lawyers receiving these documents shall not make them available, in whole or in part, to their clients or to anyone except designated expert(s). The expert must execute a Non Disclosure Agreement in the form annexed to this Order. The expert shall not share any of these documents, in whole or in part, with anyone except the attorneys in this case which shall include all lawyers, paralegals and law firm clerical assistants working on the case for the respective clients. For all such documents, "Attorneys Eyes Only" must be labeled on each page of the document. Each person substantively handling the documents (except administrative personnel such as secretaries and copying staff, etc.) shall be given a copy of this order and asked to execute a Non Disclosure Agreement. "Attorneys Eyes Only" information shall, in every other respect be treated as "Confidential" information in accordance with this Order. Prior to disclosure of Attorneys Eyes Only information to an expert, the party seeking to disclose such "Attorneys Eyes Only" information shall forward copies of the Non Disclosure Agreements executed by the expert in accordance with paragraph 9.

4.    The following information shall not be designated as Confidential or Attorneys Eyes Only: (i) any information that at the time of its disclosure in this action is part of the public domain or public knowledge by reason of prior publication or otherwise, such as published patents or patent applications; and (ii) any information that after its disclosure in this action has become part of the public domain or public knowledge by reason of prior publication or otherwise through no act, omission or fault of the receiving party.

5.    With respect to the Confidential or Attorneys Eyes Only portion of any Discovery

Material other than deposition transcripts and exhibits, the producing party or that party's

counsel may designate such portion as Confidential or Attorneys Eyes Only by stamping or

otherwise clearly marking as Confidential or Attorneys Eyes Only the protected portion in a

manner that will not interfere with legibility or audability, and by also producing for future

public use another copy of said Discovery Material with the Confidential or Attorneys Eyes

Only information redacted. With respect to deposition transcripts and exhibits, a producing

party or that party's  counsel may indicate on the record that a question calls for Confidential

(or Attorneys Eyes Only) information, in which case the transcript of the designated testimony

shall be bound in a separate volume and marked "Confidential (or Attorneys Eyes Only)

Information Governed by Protective Order" by the reporter.

6.    If at any time prior to the trial of this action, a producing party realizes that some

portion[s] of Discovery Material that that person previously produced without limitation

should be designated as Confidential or Attorneys Eyes Only, he may so designate by so

apprising all parties in writing, and such designated portion[s] of the Discovery Material will

thereafter be treated as Confidential or Attorneys Eyes Only under the terms of this Order.

7.    No person subject to this Order other than the producing party shall disclose any

of the Discovery Material designated by the producing party as Confidential to any other

person whomsoever, except to:

(a)    the parties to this action;

(b)    counsel retained specifically for this action, including any paralegal,

clerical and other assistant employed by such counsel and assigned to this matter;

(c)      any person who prepared any document, its addressee, and any other person indicated on the face of the document as having received a copy

(d)      any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)      any person(s) or organization(s) retained by a party to assist or to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and complied with the procedures set forth in paragraph 9;

(f)      stenographers engaged to transcribe depositions conducted in this action; and

(g)      the Court and its support personnel.

8.    No person subject to this Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as Attorneys Eyes Only to any other person, except to those identified above in paragraphs 7(b), (c), (e), (f) and (g). Attorneys Eyes Only Discovery Information used at depositions may be shown only to employees of the producing party or those who have signed the attached Non Disclosure Agreement as provided for in paragraph 9.

9.    Prior to disclosure of any Confidential or Attorneys Eyes Only Discovery Material to any person referred to in subparagraph 7(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that said person has read this Order and agrees to be bound by its terms.  The party seeking to disclose to said person shall provide the

producing party with notice of its intent to disclose by furnishing the identity of the individual

("Designated Individual") and a signed Non-Disclosure Agreement in compliance with this

Protective Order. The party seeking disclosure shall also furnish the Designated Individual's

current resume or *curriculum vitae*. The producing party shall have five (5) business days

after receiving such notice to object in writing, setting forth the specific grounds for the

objections, prior to the disclosure of Confidential or Attorneys Eyes Only information to the

Designated Individual. A party may object on the basis that the person may reasonably be

expected, because of their current job or position, to divulge protected information, purposely

or by inadvertence. Any objection must be in writing and must set forth the facts upon which

the objection is based. If timely objection is made, the parties shall attempt in good faith to

resolve the disclosure issue within a reasonable time not to exceed five (5) business days after

an objection has been served. If the issue is not resolved, the producing party shall, within

five (5) business days after resolution between the parties is deemed no longer possible within

the five (5) business day resolution period, contact the Court and seek permission to file a

motion before the Court seeking to prevent disclosure of such Confidential or Attorneys Eyes

Only information to the Designated Individual. No Confidential or Attorneys Eyes Only

information of the producing party shall be disclosed to the Designated Individual until the

objection is resolved by the Court or by subsequent written agreement between the parties.

The burden on the motion shall be on the producing party to establish good cause why the

disclosure should not be made to the Designated Individual. If the producing party does not

timely object or bring its motion, Confidential or Attorneys Eyes Only information may be

disclosed to the Designated Individual.

10. All Confidential or Attorneys Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Attorneys Eyes Only Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected parties will convene a joint telephone call with the Court to obtain a ruling. Until the parties or the Court resolves the dispute, the document will be treated as marked.

12. All parties are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or "Attorneys Eyes Only." The Court also retains discretion whether to afford confidential treatment to any Confidential /Attorneys Eyes Only Document or information contained in any Confidential/Attorneys Eyes Only Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each person who has access to Discovery Material that has been designated as Confidential or Attorneys Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection

7

("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15.   If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16.   Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17.   The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18.   The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

19.   This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Attorneys Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20.   This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**NORRIS McLAUGHLIN & MARCUS, P.A.**
*Attorneys for Plaintiff*
*Institut Francais du Petrole*


By: _____
       Theodore Margolis (TM-8913)
       875 Third Avenue, 18th floor
       New York, NY 10022
       Telephone:  212-808-0700
       Fax:  212-808-0844
       Email: tmargolis@nmmlaw.com

Date: _____ June 16 _____, 2009


**SO ORDERED.**


Dated: _____ 6/24/09 _____, 2009
               New York, New York

**KING & SPALDING, LLP**
*Attorneys for Defendants*
*Texaco Development Corp., Texaco Inc. and*
*Chevron Corporation*


By: _____
       Edward Kehoe (EK-2615)
       Richard C. Pettus (RP-5220)
       1185 Avenue of the Americas
       New York, NY  10036
       Telephone:  212-556-2130
       Fax:  212-556-2222
       Email: ekehoe@kslaw.com

Date: _____ June 15 _____, 2009


_____
JED S. RAKOFF, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INSTITUT FRANCAIS DU PETROLE | CIVIL ACTION NO: 09-CIV-1379 (JSR) |
| Plaintiff, | |
| v. | **NON DISCLOSURE AGREEMENT** |
| TEXACO DEVELOPMENT CORPORATION, TEXACO, INC., and CHEVRON CORPORATION | |
| Defendants. | |

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential and/or Attorneys Eyes Only. I agree that I will not discuss or disclose such Confidential or Attorneys Eyes Only Discovery Material to anyone other than counsel for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____         _____